IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON A. FINIZIE, | : | CIVIL ACTION |
| | : | NO. 15-2050 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT A. MCDONALD, | : | |
| SECRETARY, DEPARTMENT OF | : | |
| VETERANS AFFAIRS, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                             June 30, 2017

Plaintiff Sharon Finizie ("Plaintiff") brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") against Robert A. McDonald, the Secretary of the Department of Veterans Affairs, alleging two counts of retaliation in connection with protected activity under Title VII. Defendant moved for summary judgment, and Plaintiff opposed the motion. For the reasons that follow, the Court will grant the motion and enter judgment in favor of Defendant on all claims in this case.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a registered nurse who has been employed for over 35 years by the United States Department of Veterans Affairs (the "VA") at the Philadelphia VA Medical Center (the

"Philadelphia VAMC"). Compl. ¶ 7, ECF No. 1. She has an extensive history of prior activity with the Equal Employment Opportunity Commission ("EEOC"). Def.'s Statement of Material Facts Supporting Mot. Summ. J. 2 ¶ 3, ECF No. 29; Pl.'s Resp. to Statement of Material Facts Supporting Mot. Summ. J. 1 ¶ 3, ECF No. 32-1.

In February 2010, in response to Vacancy Announcement No. 95-2010, Plaintiff applied at the VA for the position of "RN-Infection Control." Compl. ¶¶ 8-9. Vacancy Announcement No. 95-2010 stated that it was to remain "Open Until Filled." Id. ¶ 10. Plaintiff alleges that she met all of the basic and preferred qualifications for the position and was interviewed on March 17, 2010. Id. ¶ 11. In August 2010, Plaintiff was notified that the vacancy had been cancelled. Id. ¶ 12.

The VA then posted another vacancy announcement for the position "Registered Nurse, Infection Control Nurse" under Job Announcement No. 305-10. Id. ¶ 14. This posting designated its open period from "8/27/10 until the position is filled." Id. Plaintiff submitted her application for this position on September 10, 2010. Id. ¶¶ 14-16. In October 2010, Plaintiff was notified in writing that she had not been selected to fill the vacancy. Id. ¶ 17.

On September 27, 2010, Plaintiff filed a formal complaint of discrimination with the EEOC, alleging that she had

been discriminated against based on her prior Title VII protected activity when the VA cancelled the vacancy announcement of the first position. Id. ¶ 18. Without holding a hearing, the EEOC administrative judge rendered a finding of no discrimination. Id. ¶ 20. Plaintiff administratively appealed the decision, and the EEOC issued a final decision against her on February 3, 2015. Id. ¶ 23.

On December 6, 2010, Plaintiff filed a second formal complaint of discrimination with the EEOC, alleging that she had been discriminated against in retaliation for her prior Title VII protected activity when she was not selected for the second vacancy to which she applied. Id. ¶ 19. This second complaint was assigned to a different EEOC administrative judge, who, after holding an administrative hearing on the merits, rendered a finding of no discrimination. Id. ¶ 21. Plaintiff administratively appealed the decision, and the EEOC issued a final decision against her on January 22, 2015. Id. ¶ 24.

Based on the foregoing facts, Plaintiff filed a complaint in this Court on April 20, 2015, alleging two counts of retaliation in connection with protected activity under Title VII. See id. ¶¶ 25-28. The first count relates to the cancellation of Vacancy Announcement No. 95-2010. Id. ¶¶ 18, 25. The second count relates to Plaintiff's non-selection for the position listed in Job Announcement No. 305-10. Id. ¶¶ 19, 27.

Defendant answered Plaintiff's complaint on July 16, 2015. ECF No. 4. Following discovery, Defendant filed a motion for summary judgment on November 4, 2016. ECF No. 29. Plaintiff responded on December 19, 2016, ECF No. 32, and Defendant moved for leave to file a reply brief on February 21, 2017, ECF No. 36.[1] The motion is now ripe for disposition.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation; a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

---

[1] The Court has considered the contents of the attached reply brief, filed as an exhibit to the motion for leave, in reaching its decision to grant Defendant's summary judgment motion.

4

In considering a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010). The moving party bears the initial burden of showing the absence of a genuine issue of material fact, but meeting this obligation shifts the burden to the nonmoving party, who then must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

**III. DISCUSSION**

Title VII prohibits an employer from discriminating against an employee on the basis that the employee has opposed any employment practice made unlawful by Title VII, or because the employee has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII. See 42 U.S.C. § 2000e-3(a); Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 269 (2001). This type of discrimination constitutes unlawful retaliation. Thompson v. N. Am. Stainless, LP, 131 S. Ct. 863, 867-68 (2011).

In the absence of direct evidence of retaliation, the Court considers retaliation claims under the burden-shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Fasold v. Justice, 409 F.3d 178, 188 (3d Cir. 2005). Under this framework, the plaintiff bears the initial burden of proving a prima facie case of retaliation by a preponderance of the evidence. McDonnell Douglas, 411 U.S. at 802. To prove a prima facie case of retaliation, the plaintiff must show that (1) she engaged in activity protected by Title VII, (2) her employer took an adverse employment action against her, and (3) there was a causal connection between her protected activity and the adverse employment action. Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006).

If the plaintiff employee succeeds in proving a prima facie case, then the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. McDonnell Douglas, 411 U.S. at 802. An employer may meet its burden to articulate a legitimate, non-discriminatory reason by offering any legitimate business reason for its actions. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). "The employer need not prove that the tendered reason *actually* motivated its behavior, as throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff." Id. (citing

6

Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).

If the employer meets this "relatively light burden," then the burden shifts back to the plaintiff to prove by a preponderance of the evidence "<u>both</u> that the reason was false, <u>and</u> that discrimination was the real reason" for the adverse employment action. <u>Id.</u> (quoting <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 515 (1993)); <u>see also</u> <u>McDonnell Douglas</u>, 411 U.S. at 804-05 (explaining that plaintiff must be given an opportunity to demonstrate pretext). "To discredit the employer's proffered reason, . . . the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." <u>Fuentes</u>, 32 F.3d at 765. Instead, the plaintiff must demonstrate "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action," such that "a reasonable factfinder could rationally find them 'unworthy of credence.'" <u>Id.</u> (emphasis omitted) (quoting <u>Ezold v. Wolf, Block, Schorr and Solis-Cohen</u>, 983 F.2d 509, 531 (3d Cir. 1992)).

Here, Defendant presents a twofold argument as to why there is no genuinely triable dispute regarding Plaintiff's retaliation claims. First, he argues that Plaintiff cannot establish a prima facie causal connection between her non-selection for her desired position and her history of filing EEOC complaints. See Def.'s Mot. Summ J. at 7-9, ECF No. 29. Second, he argues that, even if Plaintiff could establish a prima facie case of retaliation, no evidence suggests that the VA's legitimate, non-retaliatory justification for its decision was pretextual. See id. at 9-12. The Court agrees with Defendant on both points.

Plaintiff has failed to establish a prima facie case of retaliation because she cannot establish a causal connection between her non-selection for the infection control nurse positions and her long history of filing EEOC complaints. The evidence on the record establishes--and the parties do not dispute--that (1) Plaintiff engaged in activity protected by Title VII, i.e., filing numerous EEO complaints; and (2) Plaintiff suffered an adverse employment action, i.e., not being selected for the positions she sought. See Moore, 461 F.3d at 340-41. Aside from her own personal belief, however, Plaintiff has offered no evidence to causally connect those facts. In other words, nothing in the record supports Plaintiff's belief that the cancellation of Vacancy Announcement

No. 95-2010 or her non-selection for the position posted in Job Announcement No. 305-10 resulted from her prior EEO activity.

Even if Plaintiff could make out a prima facie case of retaliation, the Court finds that Defendant has satisfied its burden to articulate legitimate, non-discriminatory reasons for its actions. See McDonnell Douglas, 411 U.S. at 802. Relying on testimony from the approving official, Defendant explains that "the [first] vacancy was cancelled because [the chief nurse executive] learned [that] the employee in the infection control position at that time was not retiring, as originally expected when position 95-2010 was opened." Def.'s Mot. Summ. J. at 8 (citing Affidavit of Kathryn G. Sapnas, M.D., at 14:18-17:6; 18:11-19:12, Def.'s Mot. Summ. J. Ex. 6, ECF No. 29-2). As to the second vacancy, Defendant offers the following legitimate, non-discriminatory reasons why the selection panel unanimously chose Susan Blake for the Registered Nurse-Infection Control position:

> 1) Ms. Blake "had the highest score on her interview";
>
> 2) Ms. Blake "had leadership experience, and had recent achievements in infection control that surpassed all of the other candidates";
>
> 3) Prior to being selected for this position, Ms. Blake held the position of Associate Chief, Nursing Service for Operations, in the Louisville, Kentucky VAMC, where she "was responsible for the infection control program."

9

Def.'s Mot. Summ. J. at 8-9.[2]

In response to Defendant's motion for summary judgment, Plaintiff points to four "material facts" that she claims are in dispute:

> 1) "[T]he first vacancy announcement was to be 'open until filled,'" Pl.'s Resp. to Def.'s Mot. Summ. J. at 2, ECF No. 32-1;
>
> 2) "[I]n the 34 years of employment as a Registered Nurse at [the Agency], this was the first time that [Plaintiff] had been informed that a vacancy announcement had been cancelled," id.;
>
> 3) "[F]or 20 days after [Vacancy Announcement No. 95-2010] had been cancelled, the selecting official had no knowledge that the announcement had been cancelled," id.; and
>
> 4) "[The VA] was to have made the selection for the RN-Infection Control Position [posted in Job Announcement No. 305-10] by August 6, 2010, prior to the retirement in October, 2010, of . . . the then current incumbent of the position to be filled." Id. at 3.

None of these "material facts," however, casts doubt upon the VA's legitimate, non-discriminatory reasons for cancelling the first vacancy and hiring someone other than Plaintiff to fill the second. Plaintiff's speculation and subjective assessment of

---

[2] Plaintiff, in contrast, "received the lowest interview score among all candidates interviewed for the position," and, "[a]t the time [she] applied for both Registered Nurse-Infection Control positions, . . . she did not have any infection control job responsibilities, nor did she have any supervisory responsibilities." Id. at 9.

10

her own qualifications do not suffice as evidence suggesting that any of the VA's actions were grounded in unlawful retaliation rather than the reasons they proffered. Accordingly, even accepting as true Plaintiff's version of all of these facts, Plaintiff has not met her burden to show "both that the reason[s] [were] false, and that discrimination was the real reason" that she was not selected for the positions she sought. Fuentes, 32 F.3d at 763 (emphasis omitted) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993)).

Insofar as Plaintiff takes issue with the selection panel's evaluation of her qualifications for the Registered Nurse-Infection control position listed in Job Announcement No. 305-10,[3] these contentions are wholly unsupported by any evidence on the record, and, in any event, do not carry Plaintiff's burden to prove pretext. Plaintiff does not contend that Susan Blake was unqualified for the infection control nurse positions, nor that Plaintiff's qualifications were superior to Ms. Blake's. Moreover, even assuming arguendo that Plaintiff's

---

[3] In her counterstatement of material facts, Plaintiff suggests that "[D]efendant produced no evidence that Finizie's lack of current infection control experience in any way impacted on her ability to perform the function," that "the interview questions upon which the rating[s] [of candidates] were based were not performance-based questions," and that "Ms. Bla[k]e was not certified in infection control when she assumed the interim position as infection control coordinator." Pl.'s Resp. to Statement of Material Facts Supporting Mot. Summ. J. ¶¶ 14, 18, 24.

criticisms of the selection panel's methodology are valid, these criticisms do not reveal "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in Defendant's proffered legitimate reasons for its actions, such that "a reasonable factfinder could rationally find [those reasons] 'unworthy of credence.'" Fuentes, 32 F.3d at 765 (emphasis omitted) (quoting Ezold, 983 F.2d at 531). The same holds true for Plaintiff's criticisms of the VA's decision to cancel Vacancy Announcement No. 95-2010; Plaintiff's opinion that this cancellation was unusual--let alone "wrong or mistaken," id.--does not discredit the VA's proffered reason for it.

**IV.  CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment, dismiss both counts of Plaintiff's complaint, and enter judgment in favor of Defendant in this case. An appropriate order and judgment follow.